**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DILAN CORONADO SERRANO,

                  Petitioner,

     vs.

TODD BLANCHE,[1] *et al.*,

                  Respondents.

Case No.: 2:26-cv-00684-GMN-BNW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Dilan Coronado Serrano's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 11). Federal Respondents Pamela Bondi, Markwayne Mullin, Todd Lyons, Kerri Ann Quihuis, and Michael Bernacke filed a Response, (ECF No. 16).[2] Petitioner replied, (ECF No. 17). Also pending before the Court is Petitioner's Motion to Seal, (ECF No. 13). No responses were filed. For the reasons discussed below, the Court GRANTS the Amended Petition and GRANTS the Motion to Seal.[3]

## I.   BACKGROUND

Petitioner is a citizen of Guatemala. (Am. Pet. 4:2, ECF No. 11). In December 2015, he entered the United States as an unaccompanied minor and applied for admission into this country. (Am. Pet. 4:2–4). In January 2016, Petitioner was released from ICE custody, on his

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi.

[2] Respondent John Mattos filed a separate Response, (ECF No. 15), indicating that he has no independent authority to release Petitioner, and thus takes no position on the relief sought.

[3] Petitioner seeks to seal Exhibits 3–5 to his Amended Petition because they because they contain dates of birth, noncitizen registration numbers or "A" numbers, and other private information. (Mot. Seal, ECF No. 13). Courts prefer the public retain access to judicial filings and documents. *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Therefore "[a] party seeking to seal a judicial record . . . bears the burden of overcoming [the] strong presumption [in favor of access] by meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Because the Motion is unopposed, *see* LR 7-2(d), and because the Court finds that Petitioner demonstrates compelling reasons, the Motion to Seal is GRANTED.

own recognizance, to a family member living in the United States. (*Id.* 4:4–5); (Form I-213, Ex. 4 to Am. Pet., ECF No. 14-2).  In July 2016, an immigration judge ("IJ") ordered Petitioner removed, in absentia. (*Id.* 4:6–7).  In July 2022, Petitioner submitted a Petition for Special Immigrant Juvenile Status ("SIJS") and was approved and granted deferred action. (*Id.* 4:8–10); (I-797, Ex. 3 to Am. Pet., ECF No. 14-1).  In November 2025, Petitioner was taken into ICE custody, after an arrest, where he has remained since without a bond hearing. (Am. Pet. 4:11–15).  With this Petition, Petitioner now seeks immediate release from detention or, in the alternative, a bond hearing.

## II.    <u>LEGAL STANDARD</u>

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    <u>DISCUSSION</u>

Petitioner argues that he is entitled to habeas relief on one ground: His detention without a bond hearing violates the Immigration and Nationality Act ("INA") as well as his right to due process under the Fifth Amendment of the United States Constitution. (*See generally* Am. Pet.). The Court does not reach Petitioner's argument regarding detention without a bond hearing because it finds that Petitioner's detention, in general, violates Petitioner's due process rights.

Under the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  Though noncitizens do not enjoy constitutional protections outside the borders of the United States, once a noncitizen "enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.  "[I]t is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).  Petitioner here is entitled to the same due process owed to an individual who has already been present in the United States, was granted parole, and given a work authorization in the United States.[4]

Here, Petitioner was previously released from immigration detention in 2016 on his own recognizance and was granted SIJS and deferred action. (Am. Pet. 4:4–5, 4:8–10); (Form I-213, Ex. 4 to Am. Pet.); (I-797, Ex. 3 to Am. Pet.).  The SIJS classification "provides immigration relief for foreign-born children living in the United States who have been abused, neglected, abandoned, or similarly mistreated by a parent and for whom a state or administrative court has determined it would not be in their best interest to be returned to their home country or prior country of residence." *A.C.R. v. Noem*, 809 F. Supp. 3d 103, 110 (E.D.N.Y. 2025), *reconsideration denied*, No. 25-CV-3962 (EK)(TAM), 2026 WL 102611 (E.D.N.Y. Jan. 14, 2026) (internal quotation marks and citation omitted); 8 U.S.C. § 1101(a)(27)(J).  "The Immigration and Nationality Act (as subsequently amended) renders SIJS recipients eligible for lawful permanent resident status." *Id.* (citing 8 U.S.C. § 1153(b)(4).  But they can only apply for adjustment of status if an immigrant visa is "immediately available" at the time of filing. *Id.* (citing 8 U.S.C. § 1255(a)).  If no visa is available when a person receives SIJS approval, the

---

[4] The parties dispute which detention statute Petitioner is being detained pursuant to.  The Court need not reach this question because Petitioner's detention, regardless of which basis, is unconstitutional under the Fifth Amendment.

person cannot yet apply for adjustment of status. *Id.* Because of a backlog of visas, in 2022 the USCIS announced a deferred-action program for individuals with SIJS. *Id.* Deferred action is "an act of administrative convenience to the government that gives some cases lower priority." *Id.* at 111 (citing 8 C.F.R. § 274a.12(c)(14); *see also* 8 C.F.R. § 236.21(c)(1)). That deferred-action program remains in effect. *A.C.R.*, 809 F. Supp. 3d at 111 (enjoining the government from rescinding 2022 deferred-action program).

Petitioner came into this country as an unaccompanied minor, was released from ICE custody in 2016, and was subsequently granted SIJS and deferred action. As other courts have found for similarly positioned petitioners, the Court finds that Petitioner has a protected liberty interest in remaining free from detention. *See Ramos v. Larose*, No. 26-CV0812-LL-VET, 2026 WL 931710, at *3 (S.D. Cal. Apr. 6, 2026) ("The Court finds that having been previously released from immigration detention and being granted Special Immigrant Juvenile Status and deferred action, Petitioner has a protected interest in remaining free from detention."); *C.R.J.M. v. Kennedy, et al.*, No. 2:26-CV-00742-DJC-EFB, 2026 WL 809940, at *2 (E.D. Cal. Mar. 24, 2026). Numerous courts have also held that, in general, individuals released from ICE custody have a protected interest in remaining out of custody. *See, e.g., Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116, at *3 (E.D. Cal. Nov. 7, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Because Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest. *See Mathews*, 424 U.S. at 334–35. To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause in cases with analogous facts, courts have applied the three-part test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See generally Ramos*, No. 26-CV0812-LL-VET; *see also C.R.J.M,* No. 2:26-CV-00742-DJC-EFB; *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1203–07 (9th Cir. 2022) ("Ultimately, *Mathews* remains a flexible test that can and must

account for the heightened governmental interest in the immigration detention context.").[5] Under *Mathews*, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. In applying the *Mathews* factors, the Court finds that all three factors support a finding that Respondents' revocation of Petitioner's release without notification, reasoning, or an opportunity to be heard denied Petitioner of his due process rights.

### A.    *Mathews* Factor 1

First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody. *See Ramos*, No. 26-CV0812-LL-VET at *3; *C.R.J.M.*, No. 2:26-CV-00742-DJC-EFB, at *2; *C.R.J.M.*, No. 2:26-CV-00742-DJC-EFB, at *2; *see also Pinchi*, 792 F. Supp. 3d at 1032 ("Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." (citations omitted)). As noted, Petitioner has remained out of immigration custody since 2016 and later received SIJS and deferred action. These proceedings created a protectable expectation of Petitioner's continued liberty, and the Court thus finds that the first factor weighs in favor of Petitioner.

---

[5] The Ninth Circuit in *Rodriguez Diaz* "assumed without deciding" that the *Mathews* test applies in due process challenges to immigration detention. 53 F.4th at 1207. However, the *Rodriguez Diaz* court noted that other circuits have applied *Mathews* in considering due process challenges to immigration detention. *Id.* at 1204–05 (citing *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022); *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021); *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020)). The court also explained that the Ninth Circuit has regularly applied *Mathews* in due process challenges to removal proceedings. *Id.* at 1206 (citing *Cruz Pleitez v. Barr*, 938 F.3d 1141, 1145–46 (9th Cir. 2019); *Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160–61 (9th Cir. 2004); *Martinez-de Bojorquez v. Ashcroft*, 365 F.3d 800, 805 (9th Cir. 2004). Accordingly, the Court will apply the *Mathews* test here.

**B.**     *Mathews* **Factor 2**

Second, the risk of an erroneous deprivation of such interest is also high because Petitioner was detained without being provided notice or an opportunity to be heard.  Since the initial determination that Petitioner should be released on his own recognizance in 2016— which necessarily implies he posed no danger to the community and was not a flight risk— Respondents make no argument that the circumstances have changed. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."); *see also Ramos*, No. 26-CV0812-LL-VET at *3 (explaining the same in the context of an SISJ petitioner).  Civil immigration detention is "nonpunitive in purpose and effect[,]" and is justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690.  Thus, in order to re-detain Petitioner, the government "must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk." *Saravia*, 280 F. Supp. 3d at 1176. The risk of erroneous deprivation of Petitioner's liberty is high because neither Respondents nor Petitioner has had an opportunity to determine whether there is any valid basis for his detention. *Pinchi*, 792 F. Supp. 3d at 1035.  "It follows that the probable value of additional procedural safeguards, such as notice and a pre-deprivation hearing, is also high." *Ramos*, No. 26-CV0812-LL-VET at *3; *C.R.J.M.*, No. 2:26-CV-00742-DJC-EFB, at *3.

Here, Petitioner was not notified prior to being detained, nor was he afforded any means to challenge his detention.  While Petitioner was arrested prior to being detained, that does not obviate his due process rights.  Even if that arrest may provide the government with a justification to revoke Petitioner's 2016 release by detaining him, the government must still inform Petitioner of that justification and provide Petitioner an opportunity to rebut it.  Because

the government did not do so here, the Court finds that the second *Mathews* factor weighs in favor of Petitioner.

### C.   *Mathews* Factor 3

The third and final *Mathews* factor considers the "Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.  The Court acknowledges that the government's interests in enforcing immigration laws, including "protecting the public from dangerous criminal" noncitizens and "securing [a noncitizen's] ultimate removal," are "interests of the highest order." *Rodriguez Diaz*, 53 F.4th at 1208.  However, Respondents' interest in detaining Petitioner without notice and a hearing is low. *See Ramos*, No. 26-CV0812-LL-VET at *3 ("[T]he government has articulated no legitimate interest that would support arresting [petitioner] without a pre-detention hearing.").  Further, in "immigration court, custody hearings are routine and impose a 'minimal' cost." *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999, at *8 (E.D. Cal. Nov. 22, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094–95 (E.D. Cal. 2025)).  Indeed, "[i]f the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).  The Court thus finds that the third *Mathews* factor also weighs in favor of Petitioner.

### D.   Relief

The Court finds that all three of the *Mathews* factors weigh heavily in favor of Petitioner.  Thus, because Respondents detained Petitioner without notice and an opportunity to be heard, the Court concludes that his detention is unlawful as violative of his due process rights. *See Ramos*, No. 26-CV0812-LL-VET, at *3 (finding the same under similar facts); *see*

*generally C.R.J.M,* No. 2:26-CV-00742-DJC-EFB (same).  Because Petitioner's detention is unlawful, the Court must determine the appropriate remedy.

Petitioner asks this Court to order his immediate release, or, in the alternative, to order that he receive a bond hearing immediately. (Am. Pet. 9:22–10:6).  The federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968).  "Its mandate is broad with respect to the relief that may be granted." *Id.*  "It provides that '[t]he court shall . . . dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C.A. § 2243).  Here, the specific harm suffered by Petitioner was the termination of his release without notice and an opportunity to be heard in violation of the Due Process Clause of the Fifth Amendment.  Petitioner has been detained since November 4, 2025, despite receiving no process prior to his re-detention. (Am. Pet. 4:11–12).  Thus, "because the constitutional violation is the absence of *pre-deprivation* process, the proper remedy is to restore the status quo ante—that is, to return [Petitioner] to the conditions that existed before his unlawful detention." *Kirykovich v. Hernandez*, No. 2:26-cv-00695-JNW, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) (emphasis in original).  Further, a bond hearing would not adequately vindicate Petitioner's rights.  Indeed, ordering a hearing while Petitioner remains detained would reward the government for failing to provide Petitioner any process before detaining him. *See id.*  Other courts with similarly situated petitioners have determined that "[t]he proper remedy for the unlawful detention is Petitioner's immediate release subject only to the conditions of his preexisting release." *Ramos*, No. 26CV0812-LL-VET, at *3; *see also C.R.J.M,* No. 2:26-CV-00742-DJC-EFB, at *3 (ordering an SIJS petitioner released); *Singh v. Noem*, No. 26-CV-1081-BJC-DDL, 2026 WL 686313 (S.D. Cal. Mar. 11, 2026) (same).  The Court therefore finds that the appropriate remedy here is immediate release subject to the conditions of Petitioner's prior release.

**IV.   CONCLUSION**

**IT IS HEREBY ORDRED** that Petitioner's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 11), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Seal, (ECF No. 13), is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents must release Petitioner from detention on his own recognizance no later than 4:00 p.m. on April 18, 2026.  Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.  Respondents must notify Petitioner's counsel of the date and time of release in advance of Petitioner's release.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner without first providing him notice of the reasons for revocation of his release and a pre-deprivation hearing before a neutral immigration judge to determine whether detention is warranted.  At such a hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report on the docket no later than April 20, 2026, to certify compliance with the Court's Order.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi.  The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.  The Clerk of Court is kindly directed to send a copy of this Order to the Warden of Nevada Southern Detention Center in Pahrump, Nevada.

**DATED** this __17__ day of April, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court